UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SCRAMOGE TECHNOLOGY LTD., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 6:21-cv-01138 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT
AGAINST GOOGLE LLC**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Scramoge Technology Limited ("Plaintiff" or "Scramoge") makes the following allegations against Defendant Google LLC ("Defendant" or "Google"):

**INTRODUCTION**

1. This complaint arises from Google's unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in wireless charging of mobile devices: United States Patent Nos. 10,193,392 and 7,825,537 (collectively, the "Asserted Patents").

**PARTIES**

2. Plaintiff Scramoge Technology Limited is a limited liability company organized and existing under the law of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland. Scramoge is the sole owner by assignment

of all right, title, and interest in the Asserted Patents, including the right to recover for past, present, and future infringement.

3. Defendant Google LLC is a wholly-owned subsidiary of Alphabet, Inc. and a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.  Google may be served with process through its registered agent, the Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701.  Google is registered to do business in the State of Texas and has been since at least November 17, 2006.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Google in this action because Google has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Google would not offend traditional notions of fair play and substantial justice.  Google, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).  Google is registered to do business in Texas, and upon information and belief, Google has transacted business in this District and has committed acts of direct infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the

Asserted Patents.  Google has regular and established places of business in this District, including at 500 West 2nd Street, Austin, Texas 78701.[1]  As of June 2019, Google had more than 1,100 employees in Austin.[2]  Google currently has, as of November 2021, over 400 job postings for Austin, Texas.[3]

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 10,193,392

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,193,392, entitled "Wireless power transfer device and wireless power transfer system."  The '392 Patent was duly and legally issued by the United States Patent and Trademark Office on January 29, 2019.  A true and correct copy of the '392 Patent is attached as Exhibit 1.

9. On information and belief, Google has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Google Pixel Stand ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '392 Patent.  Identification of the Accused Products will be

---

[1] *See, e.g.*, https://www.kvue.com/article/money/economy/boomtown-2040/google-austin-texas-real-estate-report/269-2ce6e60e-e8c3-46f5-aca6-864175e67950.

[2] *See, e.g.*, https://www.bizjournals.com/austin/news/2019/06/14/google-confirms-austin-expansion-will-begin-moving.html#:%7E:text=Google%20currently%20has%20more%20than,people%20operations%2C%20finance%20and%20marketing.

[3] *See* https://careers.google.com/jobs/results/?location=Austin,%20TX,%20USA.

provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

10. The Accused Products satisfy all claim limitations of one or more claims of the '392 Patent. A claim chart comparing exemplary independent claim 1 of the '392 Patent to representative Accused Products is attached as Exhibit 2.

11. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Google has injured Plaintiff and is liable for infringement of the '392 Patent pursuant to 35 U.S.C. § 271.

12. As a result of Google's infringement of the '392 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,825,537

13. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

14. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,825,537, entitled "Inductive power transfer system and method." The '537 Patent was duly and legally issued by the United States Patent and Trademark Office on November 2, 2010. A true and correct copy of the '537 Patent is attached as Exhibit 3.

15. On information and belief, Google has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Google Pixel

4

Stand ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '537 Patent, including through Google's sale of infringing systems (*e.g.*, a Google Pixel handset and Pixel Stand), as well as through its own use and testing of the Accused Products. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

16. The Accused Products satisfy all claim limitations of one or more claims of the '537 Patent. A claim chart comparing exemplary independent claim 1 of the '537 Patent to representative Accused Products is attached as Exhibit 4.

17. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Google has injured Plaintiff and is liable for infringement of the '537 Patent pursuant to 35 U.S.C. § 271.

18. As a result of Google's infringement of the '537 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Google has infringed, either literally and/or under the doctrine of equivalents, the '392 and '537 Patents;

b. A judgment and order requiring Google to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Google's infringement of the '392 and '537 Patents;

c. A judgment and order requiring Google to pay Plaintiff compulsory ongoing

licensing fees, as determined by the Court;

d.      A judgment and order requiring Google to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Google; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  November 4, 2021                    Respectfully submitted,

/s/ Reza Mirzaie

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Brett E. Cooper (NY SBN 4011011)
bcooper@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Seth Hasenour (TX SBN 24059910)
shasenour@raklaw.com
Drew B. Hollander (NY SBN 5378096)
dhollander@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

Facsimile: (310) 826-6991

***Attorneys for Plaintiff Scramoge Technology Limited***